UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CPI CARD GROUP – INDIANA INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-482-HAB |
| ) | |
| SMART PACKAGING SOLUTIONS, SA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff sued Defendant, a French company, in state court. Defendant was served via certified mail to the Indiana Secretary of State. Defendant then appeared by counsel and removed the case to this Court. Defendant now seeks to quash the complaint and summons and to have the case dismissed, arguing that it was not properly served. Because Plaintiff used a method of service expressly recognized by Indiana law, Defendant's requests will be denied.

**I.      Procedural History**

In December of last year, Plaintiff filed a complaint for breach of contract and breach of warranty against Defendant. (ECF No. 2). Six days later, the complaint and summons were served on the "Indiana Secretary of State as Agent for Smart Packaging Solutions, SA." (ECF No. 13-1). Within three weeks of that service, Defendant appeared by counsel and removed the case to this Court. (ECF No. 1). Defendant then filed a corporate disclosure statement (ECF No. 7) and a Notice of Automatic Extension Pursuant to N.D. Ind. L.R. 6-1(B) (ECF No. 8). Only after those filings, and three weeks after removal, did Defendant file this motion to dismiss under Fed. R. Civ. P. 12(b)(5).

**II.     Legal Analysis**

A defendant may enforce the service of process requirements through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to prove that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir.2005). If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). As the text of the rule suggests, the decision of whether to dismiss or extend the period for service is inherently discretionary. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

Defendant argues that service on the Indiana Secretary of State was ineffective because it failed to satisfy the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Because the Hague Convention does not state when a document is properly served, the Court must "necessarily refer to the internal law of the forum state. If the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). The forum state here is, of course, Indiana, so the Court must look to Indiana law to determine whether service was proper.

Plaintiff argues, and Defendant does not disagree, that Defendant is subject to the jurisdiction of Indiana courts under Ind. R. Trial P. 4.4(A)(1) because it is a nonresident and conducted business in the state. Subsection (B) of the Rule provides:

> **(B)     Manner of Service**. A person subject to the jurisdiction of the courts of this state under this rule may be served with summons:

2

> (1) As provided by Rules 4.1 (service on individuals), 4.5 (service upon resident who cannot be found or served within the state), 4.6 (service upon organizations), 4.9 (in rem actions); or
>
> (2) The person shall be deemed to have appointed the Secretary of State as his agent upon whom service of summons may be made as provided in Rule 4.10[1].

Ind. R. Trial P. 4.4(B). This language is unambiguous and straightforward: Defendant appointed the Secretary of State as his agent for service of process. There is nothing in this Rule, or any other Rule identified by Defendant, that requires transmittal of service abroad. The Court struggles, then, to find support for Defendant's position from the plain text of the Indiana Trial Rules.

Where Defendant does find support is in a questionable decision by the Indiana Court of Appeals that was subsequently cited in a footnote by Magistrate Judge Cosby. Defendant seizes upon these authorities to argue that Plaintiff could only resort to "constructive" service via the Secretary of State if Plaintiff could prove that it could not, despite the exercise of due diligence, serve Defendant through other methods. Because Plaintiff had Defendant's address, the argument goes, Plaintiff could have, and should have, accomplished service via the Hague Convention.

The Indiana Court of Appeals case is *Munster v. Groce*, 829 N.E.2d 52 (Ind. Ct. App. 2005). There, the plaintiffs attempted service on an individual tortfeasor and his employer following a car accident. After two attempts at serving the tortfeasor via certified mail failed, the plaintiffs served the tortfeasor through the Indiana Secretary of State. The tortfeasor's insurer caught wind of the case and appeared on his behalf, moving to dismiss the case for failure of service. The trial court granted the motion. *Id*. at 56–57.

Affirming the dismissal, the Court of Appeals relied heavily on *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). In *Mullane*, the United States Supreme Court focused on

---

[1] Defendant does not argue that Plaintiff violated Rule 4.10.

3

the due process requirements for service. The Supreme Court held that service by publication was permissible,

> where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights . . .. [Parties] whose interests or whereabouts could not *with due diligence* be ascertained come clearly within this category.

*Groce*, 829 N.E.2d at 58 (quoting *Mullane*, 339 U.S. at 317). According to the Court of Appeals, "*Mullane* thus clearly indicates that although it is acceptable in some instances to proceed with a lawsuit by using a service method that it is unlikely to give actual notice to an interested party, this is only the case if that party's whereabouts cannot reasonably and in the exercise of due diligence be ascertained." *Id*. So far, so good.

From there, the Court of Appeals veered from legal interpretation to active rule-writing. Ind. R. Trial P. 4.13 recognizes the holding in *Mullane* by requiring, for service by publication, "supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state." Ind. R. Trial P. 4.13(A). Service via the Secretary of State, under either Rule 4.4(B)(2) or 4.10, has no such requirement. The Court of Appeals recognized this textual distinction, but still held that "in order for such service to be constitutionally effective there must be a showing by the plaintiff or party who sought such service that due diligence to ascertain the defendant's current whereabouts was exercised and service through the Secretary of State was reasonable under the circumstances." *Groce*, 829 N.E.2d at 60–61. In the stroke of a pen, the Court of Appeals seemingly grafted an evidentiary requirement onto Ind. R. Trial P.. 4.10 by judicial fiat.

Magistrate Judge Cosby then cited *Groce* in *Bays v. Mill Supplies, Inc.*, Cause No. 1:10-CV-432, 2011 WL 781464 (N.D. Ind. Feb. 28, 2011). There, as here, the plaintiff served a foreign

4

corporation via the Indiana Secretary of State. The corporation appeared and moved to dismiss, claiming that the plaintiff disregarded the Hague Convention. Magistrate Judge Cosby agreed and quashed the service via the Secretary of State. That said, he did not dismiss the case because the plaintiff had begun service via the Hague Convention before the ruling.

Substantively, Magistrate Judge Cosby's opinion turns on his conclusion that the foreign corporation's domestic, wholly-owned subsidiary was not the foreign corporation's agent for service of process. *Id.* at *2 (citing *Gen. Fin. Corp. v. Skinner*, 426 N.E.2d 77, 84 (Ind. Ct. App. 1981)). Yet the opinion delves into *Groce* in an extended footnote. There, Magistrate Judge Cosby noted,

> Furthermore, although Indiana Trial Rule 4.4(B)(2) provides that any nonresident who is doing business in Indiana "shall be deemed to have appointed the Secretary of State as his agent upon whom service of summons may be made", in order for such service to be constitutionally effective there must be a showing by the plaintiff "that due diligence to ascertain the defendant's whereabouts was exercised and service through the Secretary of State was reasonable under the circumstances." *Munster v. Groce*, 829 N.E.2d 52, 60–61 (Ind. Ct. App.2005). Here, there is no suggestion that Plaintiffs did not know [the foreign corporation's] whereabouts (in fact, it appears that Plaintiffs provided the Indiana Secretary of State with [the foreign corporation's] address), and thus Plaintiffs' service to the Indiana Secretary of State is ineffective.

*Bays*, 2011 WL 781464, at *2 n.3. It is this footnoted paragraph that forms the basis for Defendant's motion. But the Court disagrees with Magistrate Judge Cosby's reliance on *Groce*, largely because Magistrate Judge Cosby did not have the benefit of later clarification by the Indiana Court of Appeals.

Even if this footnote isn't dicta within dicta (and it probably is), the legal legs it stood on were removed by the Indiana Court of Appeals in *Jordache White and Am. Trans., LLC v. Reimer*, 61 N.E.3d 301 (Ind. Ct. App. 2016). There, the plaintiff served a nonresident corporation via the Secretary of State under Ind. R. Trial P. 4.10. When the corporation failed to appear, a default

judgment was entered. After proceedings supplemental were started against the corporation's insurer to collect the judgment, the corporation appeared and moved to set aside the default. The trial court denied this request.

On appeal, the corporation, like Defendant, relied on *Groce* to argue that service via the Secretary of State was invalid because the plaintiff failed to exercise due diligence to find out the corporation's whereabouts. The Court of Appeals disagreed, clarifying that the holding in *Groce* was limited to its facts.

> Appellants' reliance on [*Groce*] is misplaced. In [*Groce*], the defendant was a person and a resident of Indiana. Yet, when attempts at actual service on the defendant failed, the plaintiff eschewed "[t]he textbook example of constructive service and notice . . . by publication." *Id*. at 58. Instead, the plaintiff sought constructive service through the Secretary of State. We were openly critical of the plaintiff's apparent decision to "sidestep the due diligence requirements of notice by publication and simply ask for service through the Secretary of State." *Id*. at 61. In other words, in Munster there appeared to be "another method obviously better calculated to give notice" available to the plaintiff than the method of service actually chosen by the plaintiff.

*Reimer*, 61 N.E.3d at 307–08 (quoting and citing *Groce*, 829 N.E.2d at 58, 61). The Court of Appeals determined that "[t]hat is not the case here," noting that the Secretary of State was the nonresident's agent for service of process under Ind. Code § 34-33-3-1[2]. *Id*. at 308. "Thus, [the plaintiff's] reliance on Trial Rules 4.4(B) and 4.10(A) was reasonable under the circumstances when he served [the nonresident corporation's] attorney pursuant to Indiana Code Section 34–33–3–1, using the business address provided by [the nonresident corporation's] employee to Indiana law enforcement officers who were investigating the collision." *Id*. Finding the service effective, the default judgment was affirmed.

---

[2] This statute provides that, by operating a motor vehicle in Indiana, a nonresident or its agent appoints the Secretary of State as its attorney for service of process. Ind. Code § 34-33-3-1(b).

This case, like *Reimer*, is not *Groce*. Defendant is not an individual, Indiana resident. It is a foreign corporation, doing business in Indiana. It is, then, subject to the jurisdiction of Indiana courts and amenable to service via the Indiana Secretary of State under Ind. R. Trial P. 4.4. *Swaim v. Moltan Co.*, 73 F.3d 711, 720 (7th Cir. 1996). Nor did Plaintiff provide the Secretary of State with an address it knew to be incorrect, as the plaintiff did in *Groce*, making it unlikely that Defendant would be served. Instead, the Secretary of State was given Defendant's address and, the Court assumes by Defendant's prompt appearance, that service was accomplished.

The Court also finds Defendant's attempt to distinguish *Reimer* unavailing. Defendant notes, correctly, that service via the Secretary of State in *Reimer* was based on I.C. § 34-33-3-1, a statute governing service of process in cases "arising from an accident or collision" caused by a motor vehicle. I.C. § 34-33-3-1(b). But that statute is little more than the codification of Ind. R. Trial P. 4.4(A)(2), which gives Indiana courts jurisdiction over nonresidents who cause "personal injury or property damage by an act or omission done within this state." Under either the statute or the Trial Rule, the defendant in *Reimer* was amenable to service via the Secretary of State. Defendant, then, has identified a distinction without a difference.

The Court also rejects Defendant's attempts to invalidate the service based on the alleged failure to follow the requirements of Ind. R. Trial P. 4.6(A)(1). Defendant notes that this Rule requires service on a foreign organization to be made "upon an executive officer thereof." Because Plaintiff's addressed the complaint and summons to "Indiana Secretary of State as Agent for Smart Packaging Solutions, SA," Defendant's claim that the service cannot be effective. (ECF No. 14 at 4–5). Ignoring, for a moment, that service here was made under Trial Rules 4.4 and 4.10, and *not* Rule 4.6, Defendant's characterization of the Rule is only partially correct. The rest of the sentence Defendant cites state that "if there is an agent appointed or deemed by law to have been appointed

to receive service, then [service may be made] upon such agent." Ind. R. Trial P. 4.6(A)(1). As detailed above, the Indiana Secretary of State was "deemed by law to have been appointed to receive service" for Defendant under Rule 4.4. Thus, addressing the complaint and summons to the Secretary of State complied with Rule 4.6.

But let's assume Plaintiff did mis-address the complaint and summons. Trial Rule 4.15 states that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Ind. R. Trial P. 4.15(F). This Rule reflects "the discretionary character of the service of process provisions of the Indiana Trial Rules," and the understanding that "literal compliance with those rules [is not] necessary under Indiana law." *Swaim*, 73 F.3d at 721. The applicability of Rule 4.15's safe harbor provision is "measured by the degree of compliance with" the Trial Rules' requirements.

Again, the Court finds that Plaintiff strictly complied with Rule 4.4(B)(2), so resort to Rule 4.15 is unnecessary. But *if* Rule 4.6 applied, and *if* Plaintiff violated that Rule, Plaintiff's attempt at service was close enough for government work. Defendant, and its address, were provided to the Secretary of State. The identification of the Secretary of State, rather than Defendant's executive officer, on the summons was little more than a technical error, if that. Such an error would fall well-within the safe harbor provided by Rule 4.15.

Even if everything the Court just wrote were wrong, the Court still fails to see how dismissal would be appropriate. As noted above, the Court has inherent discretion, in the event of ineffective service, to extend the period to effect service. *Ligas*, 549 F.3d at 501. This is precisely what Magistrate Judge Cosby did in *Bays*. 2011 WL 781464, at *3 (granting the plaintiff an unlimited amount of time to effect service under the Hauge Convention). If Defendant is correct,

8

then, the appropriate remedy is to order Plaintiff to go through the Hague Convention process. At the end of that process, Defendant would appear, probably by the same counsel, and we would be in the exact place we are now. Defendant may enjoy chasing its tail, but the Court does not.

### III.   Conclusion

No provision of the Indiana Trial Rules governing service requires transmission of paper abroad. On its face, then, the Hauge Convention does not apply. Instead, foreign corporations doing business in the state are amenable to service of process via the Secretary of State. This is what occurred in this case, and the Court finds no fault in that process. For these reasons, Defendant's Motion to Quash Service and Dismiss Complaint (ECF No. 9) is DENIED.

SO ORDERED on February 25, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT